UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBINSON SALTO, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                                           Plaintiff,<br><br>                        -against-<br><br>ALBERTO'S CONSTRUCTION, LLC and CARLOS RIVERA-SALTO, individually,<br><br>                                           Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br><u>Jury Trial Demanded</u> |

        ROBINSON SALTO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively, as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ALBERTO'S CONSTRUCTION, LLC ("Alberto's") and CARLOS RIVERA-SALTO, individually, ("Rivera"), (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

        1.        This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff is an employee of Defendants - - a construction company and its owner - - who works as an hourly construction worker.  As described below, for the entirety of his employment, but specifically for the six-year period pre-dating the commencement of this action, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and NYLL, in that Defendants required Plaintiff to routinely work more than forty hours per workweek, but paid him at his straight-time rate for all hours worked per week, including those that he worked in excess of forty.

3.      Additionally, Defendants failed to provide Plaintiff with any wage statements on each payday throughout his employment, with the exception of providing a single wage statement during in or about 2016 that was not accurate in any event.

4.      Defendants paid and treated all of their hourly construction workers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.     At all relevant times herein, Plaintiff worked for Defendants in New York, Massachusetts, and Connecticut, and was an "employee" entitled to protection as defined by the FLSA and NYLL.

9.     At all relevant times herein, Defendant Alberto's was and is a New Jersey limited liability company with its principal place of business located at 38 Green Street, Apt. 5, Hackensack, New Jersey 07601.

10.     At all relevant times herein, Defendant Rivera was and is the owner of Defendant Alberto's.  In that capacity, Defendant Rivera personally managed and oversaw the day-to-day operations of Defendant Alberto's, and was responsible for all matters with respect to determining employees' rates and methods of pay and hours worked.  Furthermore, Defendant Rivera has and had the power to hire and fire and approve all personnel decisions with respect to Defendant Alberto's employees.

11.     At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and NYLL.  Defendant Alberto's qualifying annual business exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA, as they operate a construction business that completes various projects, such as installing stone, brick, and concrete, in commercial and residential buildings in New York, Massachusetts, and Connecticut, while operating from New Jersey, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, Defendants' employees,

including Plaintiff and FLSA Plaintiffs, were individually engaged in interstate commerce, as they all routinely performed construction work in multiple states. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former construction workers who during the applicable FLSA limitations period, performed any work for Defendants, were paid on an hourly basis, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14.    At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees an overtime premium for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16.     Defendants are a New Jersey-based company and its owner that perform construction projects for their clients in, at least, New York, Massachusetts, and Connecticut.

17.     In 2007, having been hired by Defendant Rivera, Plaintiff commenced his employment with Defendants as a construction worker, a position that he currently holds.

18.     In that role, Plaintiff's primary duties consist of installing and modifying concrete structures, building murals composed of rocks, bricks, and concrete, and constructing residential and commercial buildings located in New York, Massachusetts, and Connecticut.

19.     For at least the last two years, Plaintiff worked exclusively in Westchester County, New York, and at all other times during his employment, Plaintiff worked primarily at various locations in New York, Massachusetts and Connecticut.

20.     Throughout his employment, Defendants required Plaintiff to work five to six days per week, starting his workday at 7:00 a.m. and ending at 5:00 p.m., with a thirty-minute lunch break each day.  Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between forty-seven and one-half and fifty-seven hours each workweek.

21.     For example, during the workweek of June 12 through June 18, 2016, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 5:00 p.m. during six days that week, with a thirty-minute lunch break each day, for a total of fifty-seven hours worked that week.

22.     As a second example, during the workweek of July 17 through July 23, 2016, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 5:00 p.m. during five days that week, with a thirty-minute lunch break each day, for a total of forty-seven and one-half hours worked that week.

23.     For each workweek that Plaintiff worked, including the weeks described above, Defendants paid Plaintiff $20.00 per hour for all hours that he worked, including those in excess of forty per week.

24.     Thus, throughout his employment, Defendants did not pay Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for any hours that he worked in excess of forty per week, and instead paid him at his straight-time rate for those hours.

25.     Defendants paid Plaintiff on a bi-weekly basis.

26.     On each occasion when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement as required by NYLL § 195(3), with the exception of providing a single wage statement during in or about 2016, on which instance the wage statement did not accurately list Plaintiff's overtime rate of pay for those hours that he worked that week in excess of forty.

27.     Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described above.

28.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

29.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

30.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

32.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

34.     Defendants willfully violated the FLSA.

35.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

37.     Plaintiff and any FLSA Plaintiff who opts in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts in to this action are employees within the meaning of the NYLL and the NYCCRR.

40.     As also described above, Plaintiff and any FLSA Plaintiff who opts in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

41.     Plaintiff and any FLSA Plaintiff who opts in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42.     Plaintiff and any FLSA Plaintiff who opts in to this action are also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

43.     Plaintiff and any FLSA Plaintiff who opts in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

45.    As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts in to this action with any wage statement, with the exception of providing a single wage statement during in or about 2016 to Plaintiff, which did not contain accurate information, in violation of the NYLL.

46.    Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts in to this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

47.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

48.    Pursuant to FRCP 38(b), Plaintiff and any FLSA Plaintiff who opts in to this action demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and any FLSA Plaintiff who opts in to this action demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff and/or any FLSA Plaintiff for participation in any form in this litigation;

d.     Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.     Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and a service payment to Plaintiff;

h.     Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.     Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court

finds necessary and proper.

Dated:  New York, New York
          May 10, 2017

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              655 Third Avenue, Suite 1821
                              New York, New York 10017
                              Tel.: (212) 679 - 5000
                              Fax: (212) 679 - 5005

             By:       _____

                              DAVID D. BARNHORN, ESQ. (DB 9685)
                              ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                              MICHAEL J. BORRELLI, ESQ. (MB 8533)